**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 26CR10 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JAMES R. KNEPP, II |
| -vs- | : | |
| | : | |
| BRANDEN LOUNSBURY, | : | **DEFENDANT'S MEMORANDUM IN** |
| | : | **OPPOSITION TO THE** |
| Defendant. | : | **GOVERNMENT'S SENTENCING** |
| | : | **MEMORANDUM AND REQUEST TO** |
| | : | **TO EXCLUDE POST-PLEA DISCOVERY** |

Now comes Branden Lounsbury, by and through counsel, and respectfully opposes the two-level enhancement under Guideline § 3C1.2 requested by the government, as it does not apply in this case. (*See* Doc. 17, Govt. Sent. Memo.). Further, Mr. Lounsbury moves this Court to exclude the exhibits the government filed manually as a part of its sentencing memorandum, as well as the other documents relied upon for the enhancement, as they were not timely provided prior to his plea as required by Fed. R. Crim. P. 16. (*See* Doc. 17-1, Notice of Manual Filing). A memorandum in support of these positions follows.

Respectfully submitted,

Stephen Newman
Federal Public Defender
Ohio Bar: 0051928

/s/ *Claire R. Cahoon*
CLAIRE R. CAHOON (0082335)
Assistant Federal Public Defender
Office of the Federal Public Defender
617 Adams St., 2nd Floor
Toledo, OH 43604
Phone: (419) 259-7370
Fax: (419) 259-7375
Email: claire_cahoon@fd.org

## MEMORANDUM

### I. The enhancement for reckless endangerment during flight does not apply.[1]

The two-level enhancement for reckless endangerment does not apply in this case. Under § 3C1.2 of the Guidelines, a two-level enhancement applies where a defendant "recklessly created a substantial risk of death or serious bodily injury" to another in the course of fleeing from law enforcement.

Here, Mr. Lounsbury was charged and pled guilty to shining a laser pointer into a helicopter on June 2, 2025. (Doc. Indictment). Mr. Lounsbury was interviewed by police that night and admitted his conduct. (*See* PSR, p. 3, ¶ 5). Agents returned on July 19, but Mr. Lounsbury was not at home. *Id.* at ¶ 6. On Novembe 236, 2025, agents again interviewed Mr. Lounsbury about the incident and he again admitted his conduct. *Id.* at ¶ 7.

In order to prove the enhancement applies, the government is required to establish "a nexus between the offense for which the defendant was convicted and the conduct that involved reckless endangerment during flight." *United States v. Dial*, 524 F.3d 783, 787 (6th Cir. 2008) (citing *United States v. Southerland*, 405 F.3d 263, 268 (6th Cir. 2005)). The government claims that Mr. Lounsbury "fled to Indiana after being contacted by the case agent in mid-January 2026 and advised of the federal indictment in this case." (Doc. 17, Gov. Sent Memo., Page ID 91). But there is no evidentiary cite for that claim, and the defense has not received any discovery reflecting those events. Without more, there is no nexus to support the enhancement.

Moreover, Mr. Lounsbury had a pending case in Indiana and was scheduled to appear for a pretrial conference on December 17, 2025. He told his attorney that he had an anxiety attack and

1 In opposing the government's position, the defense does reference discovery provided after the plea. These references in no way waive the argument that these materials should be excluded from consideration at sentencing.

did not appear. It seems he remained in Indiana until his February 2026 arrest. Therefore, Mr. Lounsbury had reason to be in Indiana that had nothing to do with the instant case. As a result, there is insufficient evidence to support a nexus.

Even if the indictment was the precipitating event for Mr. Lounsbury's flight, the events of his arrest do not constitute reckless endangerment as defined by the Guideline. Law enforcement did cross I-80 to pursue Mr. Lounsbury. But body-worn camera footage reflects that they were able to do so carefully, waiting for traffic to clear before making the crossing. There is no evidence of how Mr. Lounsbury crossed the highway. These facts are very different than the dangers inherent in the high-speed chases at issue in the cases cited by the government. (*See* Govt. Sent Memo., Page ID 92).

Any danger or risk is not the same as creating a "substantial" risk. While crossing a highway creates a risk of danger, it does not automatically create a substantial risk. Further, the defense is unaware of any Sixth Circuit case law that holds that crossing a highway to elude police is per se reckless endangerment. For all these reasons, the enhancement does not apply.

**II. Discovery Produced After Mr. Lounsbury's Guilty Plea Should Be Excluded.**

This Court should exclude the government's sentencing memorandum exhibits and arguments stemming from related reports, as they were not produced to the defense until after Mr. Lounsbury entered his plea of guilty. Timely discovery of all relevant materials not only allows the defense to evaluate a case but also to meaningfully estimate Guideline exposure and prepare for sentencing. Where evidence is not timely produced, a defendant should not be the one to suffer for that failure.

Here, the government provided discovery to the defense on March 27, 2026. On June 3, 2026, Mr. Lounsbury entered an open guilty plea and was scheduled for sentencing on September 29, 2026. (*See* Dkt. 6/3/26 Minutes). The date was later moved to October 19 due to a scheduling conflict for the Court. (*SeeDkt*. 9/3/26 Order).

On August 24, AUSA Tracey Tangemen emailed a set of PSR objections to Probation and copied the defense. In that email, she attached three documents in support of her argument that a two-level enhancement under Guideline § 3C1.2 should apply.[2] Those documents included two search warrants from January and February 2026 and an email from an agent dated February 10, 2026. None of those items had been previously provided to the defense in discovery despite their availability.

On August 25, the government provided an FBI 302 report describing Mr. Lounsbury's arrest in Indiana to the defense by email.[3] The report was dated March 3, 2026. AUSA Tangemen represented that the document had just been produced to her by the FBI, and the defense has no reason to disbelieve that representation. However, due to the late production, undersigned counsel advised AUSA Tangemen by email that she would object at sentencing to the use of materials not timely provided in discovery.

On October 8, 2026, the government requested and was granted a continuance of sentencing over defense objection. On that same day, the government provided body and dash camera footage to the defense from February 10, 2026 that had not been previously produced. That footage included the two exhibits filed by the government in support of its sentencing

2 The enhancement was not applied in either the initial or final PSR.

3 The summary of events represented in the government's sentencing memorandum appears to be drawn in part from that report.

memorandum. (*See* Doc. 17-1, Notice of Manual Filing). The government indicated that the videos "have been previously provided to the defense in discovery" but did not note they were provided only two weeks prior. *Id.*

This Court has discretion to decide the appropriate sanction for a failure to disclose evidence. *United States v. Muhammad*, 948 F.3d 1449, 1454 (6th Cir. 1991) ("It is well-settled in this circuit that the appropriate sanction, if any, for a failure to comply with Rule 16 is left to the 'sound discretion of the trial court'.") (internal citations omitted). Under Fed. R. Crim. P. 16(d)(2)(C), this Court is empowered to prohibit a party from introducing undisclosed evidence. As a result, Mr. Lounsbury requests that all evidence not produced prior to his plea be excluded for the purposes of sentencing.

Respectfully submitted,

Stephen Newman
Federal Public Defender
Ohio Bar: 0051928

/s/ *Claire R. Cahoon*
CLAIRE R. CAHOON (0082335)
Assistant Federal Public Defender
Office of the Federal Public Defender
617 Adams St., 2nd Floor
Toledo, OH 43604
Phone: (419) 259-7370
Fax: (419) 259-7375
Email: claire_cahoon@fd.org